UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:05-cr-418-T-23EAJ
  8:09-cv-734-T-23EAJ

ROBERT C. ALLBRITTON
_____/

**O R D E R**

Allbritton's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for (1) possession with the intent to distribute and the distribution of methamphetamine and (2) possession with the intent to distribute and the distribution of five grams or more of methamphetamine, for which offenses he serves 188 months. In opposing the motion to vacate, the United States argues both that the plea agreement precludes this motion to vacate and that Allbritton procedurally defaulted his claims by not asserting each on direct appeal. Allbritton filed a reply (Doc. 8) and several supplements. (Doc. 9, 12, and 14)[1] Recent decisions from the circuit court support the United States's argument.

---

[1] An additional motion for leave to supplement (Doc. 14) was denied (Doc. 16) and Allbritton latest motion for the leave supplement (Doc. 19) cites cases that are either inapplicable or not controlling in this circuit.

# FACTS[2]

On September 3, 2004, (Count One) the defendant, Robert Carl Allbritton, Jr., knowingly and willfully sold 111.6 grams of methamphetamine to an undercover officer for $2000. On September 9, 2004, (Count Two) Allbritton knowingly and willfully sold 203.1 grams of methamphetamine to an undercover officer for $3000. On October 12, 2004, (Count Three) Allbritton knowingly and willfully sold 2.3 grams of methamphetamine to an undercover officer for $60. All of the aforementioned sales occurred in Pasco County, in the Middle District of Florida.

Under the terms in the plea agreement, Allbritton (1) received both a three-level reduction for acceptance of responsibility and a low-end sentence and (2) filed no appeal. In his motion to vacate, Allbritton asserts three challenges to the validity of his career offender sentence.

# GROUNDS

Allbritton's plea agreement specifically precludes this Section 2255 motion to vacate. The plea agreement (¶ 5 at 8, Doc. 20) (emphasis original) states as follows:

> [Allbritton] expressly waives the right to appeal defendant's sentence or to challenge it collaterally, including but not limited to filing a 28 U.S.C. § 2255 petition, on any ground, including the ground that the court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Constitution . . . .

The magistrate judge ensured that Allbritton understood that a guilty plea is nearly impossible to rescind and that he was waiving his right to appeal both the conviction and the sentence. (Transcript of Guilty Plea, Doc. 32 at 7 and 10-11)

---

[2] This summary of the facts is as stated in the plea agreement. (Doc. 20 at 10-11)

Allbritton also acknowledged understanding that no one could predict his sentence and that he could not withdraw his plea if the sentence imposed is greater than he anticipated. (Transcript of Guilty Plea, Doc. 32 at 12-13) Allbritton's 188-month sentence conforms with the terms in the plea agreement. Consequently, Allbritton's waiver of the right to challenge his sentence is controlling and the appeal waiver precludes Allbritton's claims.

Allbritton contends that his career offender sentence is invalid (1) because using the prior aggravated assault conviction violates the Eighth Amendment under *Begay v. United States*, 553 U.S. 137 (2008), (2) because the state court erroneously classified the aggravated assault as a felony, and (3) because he is actually innocent of the career offender sentence. *Boyle v. United States*, 446 Fed. App'x 216 (11th Cir. 2011), rejected nearly identical claims.

> [T]o the extent Boyle's § 2255 motion claims that, in light of *Archer*,[3] the district court erroneously applied the § 4B1.1 career offender enhancement in the guidelines, that issue is barred by Boyle's sentence appeal waiver in his plea agreement.
>
> . . . .
>
> Even assuming *arguendo* that Boyle's § 2255 motion raises a due process claim that falls within the exception in his plea agreement, Boyle never challenged his career offender status in the district court or on direct appeal. Thus, his due process-career offender claim is barred and the district court's dismissal was proper for the reasons discussed in our recent decision in *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011).

---

[3] *United States v. Archer,* 531 F.3d 1347 (11th Cir. 2008).

*McKay* warrants further discussion. Although McKay pleaded guilty without the benefit of a plea agreement and, as a consequence, was not constrained by an appeal waiver, the circuit court rejected his motion to vacate because he procedurally defaulted his claims by not asserting each on direct appeal. "[I]t is beyond dispute that McKay procedurally defaulted his claim that he was erroneously sentenced as a career offender. McKay failed to advance this claim on direct appeal—indeed, a direct appeal was not even filed." *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011), *petition for cert. filed*, No. 11-9985 (April 23, 2012). Likewise, even absent the appeal waiver Allbritton procedurally defaulted his claims by not asserting each on direct appeal. *See Diggs v. United States*, 2012 WL 793814 (11th Cir. March 13, 2012) (applying *McKay*).

Lastly, Allbritton's asserted actual innocence argument lacks merit. "[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is *factually* innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." *McKay*, 657 F.3d at 1198-99 (emphasis original). *See also Johnson v. United States*, 458 Fed. App'x 834 (11th Cir. 2012) (applying *McKay*); *Delgado v. United States*, 2012 WL 1396355 (11th Cir. April 24, 2012) (applying *McKay*); *Eason v. United States*, 2012 Wl 1192831 (11th Cir. April 10, 2012) (applying *McKay*). Similarly, in holding that a petitioner cannot use the savings clause in Section 2255(e) to permit a petition for the writ of habeas corpus under Section 2241 to assert actual innocence of a sentence, *Gilbert v. United States*,

640 F.3d 1293, 1322-23 (2011) (*en banc*), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1001 (2012), states, "[W]e conclude that the *Sawyer*[4] actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied, and that is as true with pre-*Booker*[5] sentencing errors as it is with post-*Booker* ones." Allbritton asserts no claim that, as a *factual* matter, he committed no aggravated assault.

Accordingly, Allbritton's motion (Doc. 19) for leave to a supplement his reply is **DENIED**. The motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Allbritton and close this case.

ORDERED in Tampa, Florida, on June 1, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] *Sawyer v. Whitley*, 505 U.S. 333 (1992).

[5] *United States v. Booker*, 543 U.S. 220 (2005).